**UNITED STATES of America, Plaintiff,**

v.

**Robert Alan PROBERT, Defendant.**

**Crim. A. No. 89–80136.**

United States District Court,
E.D. Michigan, S.D.

Nov. 15, 1989.

See also 737 F.Supp. 1006.

Thomas A. Ziolkowski, Asst. U.S. Atty., Detroit, Mich., for U.S.

Harold S. Fried, Steven R. Sonenberg, Fried, Saperstein, DeVine & Kohn, Southfield, Mich., for Probert.

## ORDER OF RECOMMENDATION AGAINST DEPORTATION

DUGGAN, District Judge.

The relevant history of this case is as follows. On July 18, 1989, defendant pled guilty to one count of Importation of Cocaine in violation of 21 U.S.C. § 952(a), § 960(a)(1). On October 17, 1989, this Court sentenced defendant to three months custody to be followed by a three-year period of supervised release, the first three months of which shall be served in a community confinement facility. On October 23, 1989, defendant filed an appeal to the Court of Appeals for the Sixth Circuit of this Court's order denying defendant's Motion to Dismiss the Indictment.

Presently before the Court is defendant's Petition for Judicial Recommendation against Deportation. Defendant asserts that, as amended, section 241(a)(4) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1251(a)(4), together with section 241(b)(2) of the Act, 8 U.S.C. § 1251(b)(2), provide this Court with the authority to make the requested judicial recommendation against deportation. Section 241(a)(4), 8 U.S.C. § 1251(a)(4) provides:

> Any alien in the United States (including an alien crewman) shall, upon the

order of the Attorney General, be deported who—

\* \* \* \* \* \*

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefore in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefore and regardless of whether the convictions were in a single trial; or (B)[1] is convicted of an aggravated felony at any time after entry;

---

[1] So in original. There is no cl. (A).

Section 241(b)(2), 8 U.S.C. § 1251(b)(2) provides, in part:

The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply ... if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.

Specifically, then, defendant contends that because he was convicted of an "aggravated felony", as defined in 8 U.S.C. § 1101(a)(43), this Court can make a recommendation against deportation in accordance with 8 U.S.C. § 1251(b)(2).

Immigration and Naturalization Service (INS) has filed a brief opposing defendant's petition. In it, INS directs the Court to the last sentence of section 241(b)(2), 8 U.S.C. § 1251(b)(2) which provides:

The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section.

Subsection (a)(11), 8 U.S.C. § 1251(a)(11), in turn provides that any · alien shall be deported who:

... at any time has been convicted of a violation of ... any law or regulation of ... the United States ... relating to a controlled substance....

In essence, then, INS contends that deportation pursuant to 8 U.S.C. § 1251(a)(11) is not subject to the judicial recommendation provisions of 8 U.S.C. § 1251(b)(2). Alternatively, INS maintains that, contrary to defendant's position, this Court lacks the authority to recommend against deportation in aggravated felony cases.

Prior to November 18, 1988, 8 U.S.C. § 1251(a)(4) did not specifically include an "aggravated felony" among the crimes which would be subject to a judicial recommendation against deportation. Effective November 18, 1988, however, Congress amended section 1251(a)(4) to specifically refer to an "aggravated felony". In the INS' view, Congress did not intend to "broaden the discretionary relief to an alien convicted of illegal importation" by amending section 1251(a)(4). Brief in opposition, at p. 4. As support, the Service observes, in general, that these are days of more strict drug laws and increased enforcement. *Ibid.* Notably, however, INS cites no legislative history nor authoritive case law interpretation. This Court does *not* share INS construction of the amendment to section 1251(a)(4), Pub.L. 100–690, § 7344, 102 Stat. 4470 (1988).

 It is the opinion of this Court that Congress never intended that an alien considered for deportation based on a "aggravated felony" conviction be denied the opportunity to petition the Court for a judicial recommendation against deportation pursuant to section 1251(b)(2), 8 U.S.C. § 1251(b)(2). It is also the opinion of this Court that defendant's request for a judicial recommendation against deportation should be granted. The reasons for such conclusion are as follows.

*First*, Defendant has been convicted of importation of cocaine in violation of 21

U.S.C. 952(a), 960(a)(1), an "aggravated felony", and thus can invoke the judicial recommendation provision of 8 U.S.C. § 1251(b)(2). Relatedly, the Court concludes that Congress, by providing the opportunity for a judicial recommendation against deportation where an alien has been convicted of an "aggravated felony", clearly intended that the Court be given the opportunity to determine whether a *particular* "aggravated felony" should be the basis for deportation. Had Congress intended that an alien convicted of an "aggravated felony" be automatically subject to deportation, then Congress would not have given the Court the authority to pass upon whether such "aggravated felony" should be used as a basis for deportation.

Here, it is undisputed that defendant entered the U.S. in possession of approximately one-half ounce of cocaine, intended for his personal use. There is no evidence, and in fact, no claim by the government, that the defendant was in any way planning or intending to distribute the cocaine to others and no evidence or claim by the government that he was engaged in any type of conduct involving the distribution of drugs.

*Second,* the Court takes into account the purposes criminal penalties serve. Such purposes include punishment, deterrence and rehabilation. In this case, the Court imposed its sentence to punish the defendant for the crime committed, to deter the defendant and others from engaging in similar conduct, and to provide the defendant with an opportunity for rehabilitation. The sentence includes a three-year period of supervised release (the first three months of which shall include community confinement) preceded by a three month period of incarceration with the Bureau of Prisons. The Court believes that the sentence imposed is appropriate punishment for the crime committed, and moreover, that deportation would be excessive.

*Third,* based on information available to this Court, if the defendant is not deported, he may have an opportunity to pursue his limited athletic career, provided of course he continues to adhere to all of the conditions imposed by this Court. Should he fail to fulfill all of the conditions imposed during the three year period of supervised release, he shall be subject to further incarceration.

*Fourth,* and last, the conviction for which defendant was sentenced is presently being appealed by the defendant. Defendant contended before this Court, and now on appeal, that his entry into the U.S. in possession of approximately one-half ounce of cocaine, intended strictly for personal use, did not violate the statute prohibiting importation of cocaine, 21 U.S.C. 952(a). This Court disagreed with defendant's contention and ruled that any entry into the U.S. by one in possession of an illegal controlled substance constitutes a violation of such statute regardless of the amount involved and regardless of the purpose for which the controlled substance was brought in to the U.S.

The Court, however, acknowledges that there is very little law on this issue to serve as precedent. To this Court's knowledge the Sixth Circuit has not decided this issue. While this Court remains satisfied with the correctness of its interpretation of the law, the Court nevertheless recognizes that appellate judges, on occasion, interpret the law differently than district court judges and, in fact, appellate judges do not always agree with each other as to the interpretation of the law. Since no appellate determination has been made as to the correctness of this Court's interpretation of the statute, it would seem advisable that such conviction not be used as the basis for deportation before this Court's decision has been affirmed by the appellate court.

For the reasons set forth above,

This Court does hereby RECOMMEND to the Attorney General, pursuant to 8 U.S.C. § 1251(b)(2), that the conviction for which the defendant was sentenced by this Court not be used as the basis for any deportation proceeding.