United States Court of Appeals,

Fifth Circuit.

No. 93-4334

Summary Calendar.

Juan Benito SOTO-TAPIA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Dec. 1, 1993.

Petition for Review of an Order of the Board of Immigration Appeals.

Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

In this petition for review of the final deportation order of the Board of Immigration Appeals, we hold that the alien filed his petition late. We therefore dismiss for lack of jurisdiction.

I

In 1990, Juan Benito Soto-Tapia, a Mexican citizen who entered this country in 1982, was convicted of possession with intent to distribute fifty kilograms of marijuana under 21 U.S.C. § 841(a)(1). On November 26, 1990, the Immigration and Naturalization Service (the "INS") issued an Order to Show Cause to Soto. The Order charged that because of his marijuana conviction, Soto was deportable on two grounds: (1) under 8 U.S.C. § 1251(a)(11)[1] for having been convicted of a controlled substance violation; and (2) under 8 U.S.C. § 1251(a)(4)(B)[2] for having been convicted of an aggravated felony. *See* 8 U.S.C. § 1101(a)(43) (Supp. II 1990) (defining "aggravated felony" to include any drug trafficking crime).

The immigration judge found Soto deportable "as charged," but did not enunciate which classification of the marijuana conviction—controlled substance, aggravated felony, or both—he based Soto's deportability on. Soto then sought relief under the waiver provisions of section 212(c)

---

[1]Now codified at 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. II 1990).

[2]Now codified at 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. II 1990).

of the Immigration and Naturalization Act. 8 U.S.C. § 1182(c) (Supp. II 1990). Despite Soto's prior marijuana conviction and another conviction for possession of cocaine, the immigration judge viewed Soto's having taken advantage of courses in prison and his sincere remorse for his past criminal acts as justification for not having Soto deported.

The INS appealed to the Board of Immigration Appeals (the "Board"). On February 26, 1993, the Board reversed the immigration judge, denied Soto's request for a section 212(c) waiver, and ordered Soto deported to Mexico. The Board reasoned that Soto was not entitled to section 212(c) relief because, *inter alia,* the seriousness of his prior drug convictions outweighed the militating effect of his constructive activities in prison and his remorse.

Soto then filed the instant petition for judicial review of the Board's final deportation order with this court. This court received Soto's petition for review on March 30, 1993.

## II

The INS argues that Soto filed his petition one day beyond the thirty-day filing period provided for an alien convicted of an aggravated felony in 8 U.S.C. § 1105a(a)(1).[3] Soto argues that although he did commit an "aggravated felony," neither the immigration judge nor the Board made an explicit finding that he committed an aggravated felony. Thus, Soto contends, because there was no basis in the administrative record that the immigration judge or the Board based his deportation on the aggravated felony characterization of his marijuana conviction as opposed to the controlled substance characterization of that offense, the regular ninety-day filing period should apply.

The relevant section provides:

> [A] petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order, or, in the case of an alien convicted of an aggravated felony, not later than 30 days after the issuance of such order.

8 U.S.C. § 1105a(a)(1) (Supp. II 1990).

The plain language of the above statute does not require that there be an express administrative

---

[3]Thirty days from February 26, 1993, expired on March 28, 1993, a Sunday. Thus, Soto had until Monday, March 29, to file his petition. This court received the petition on March 30, 1993. *See Guirguis v. INS,* 993 F.2d 508 (5th Cir.1993) (holding petition for review of the Board of Immigration Appeal's final order is "filed" on the day of receipt by court of appeals).

finding that the alien committed an aggravated felony; it only requires, as here, the petitioner to have been convicted of an aggravated felony. In a similar case, the First Circuit found that there was no requirement under section 1105a(a)(1) or the relevant regulations that the INS give notice that the thirty-day period for filing applied to an alien convicted of an aggravated felony. *Pimental-Romero v. INS,* 952 F.2d 564 (1st Cir.1991). Accordingly, we hold that section 1105a(a)(1) required Soto, who was convicted of an aggravated felony, to file his petition thirty days after the issuance of the final deportation order.[4] His failure to do so deprived this court of jurisdiction. *Guirguis v. INS,* 993 F.2d 508, 509 (5th Cir.1993).

Finally, we note in passing that based on our preliminary review of the record, Soto had little chance of prevailing on the merits of his case. First, Soto argued that he was entitled to an automatic stay of deportation pending resolution of his appeal under 8 U.S.C. § 1105a(a)(3) because there was no administrative finding that he was convicted of an aggravated felony. Again, the statute does not require such a finding. Second, Soto argues that the Board abused its discretion in reversing the immigration judge's grant of a waiver. The Board has the power to conduct a *de novo* review of the immigration judge's findings. *Castillo-Rodriguez v. INS,* 929 F.2d 181 (5th Cir.1991). We review the Board's findings only for abuse of discretion. *Ghassan v. INS,* 972 F.2d 631, 634 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993). Here, the Board clearly and meaningfully addressed all the positive and negative factors before determining that Soto should be deported. *Id.* at 635. The Board took special note that Soto's arrest for cocaine possession took place while he was out on bail for the marijuana conviction. Thus, the Board made rational explanations and did not depart from its established policies in deriving its position. *Id.* Clearly, this was not an abuse of discretion.

### III

For the foregoing reasons, we DISMISS the petition for review for lack of jurisdiction.

DISMISSED.

---

[4]Although we hold that no administrative finding of aggravated felony status is required, the immigration judge's and the Board's adoption of the INS Order, which contained the aggravated felony charge, would be sufficient in our view to constitute such a finding.