17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Quyet BUI-TRAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70575.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1994.*
Decided Feb. 4, 1994.
 
 Before: SNEED, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Quyet Bui-Tran petitions for review of the decision of the Board of Immigration Appeals, affirming the decision of the Immigration Judge (IJ) finding Bui-Tran deportable under Sec. 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(2)(B)(i), and denying his application for a waiver of deportation under Sec. 212(c) of the Act, id. Sec. 1182(c). Bui-Tran's principal contentions are that he was denied a fair trial because he not represented by counsel, and that the Board abused its discretion in denying his request for a Sec. 212(c) waiver of deportation. We have jurisdiction, id. Sec. 1105a(a), and we deny his petition for review.
 
 
 3
 * The INS urges us to dismiss Bui-Tran's petition for lack of jurisdiction. It argues that because Bui-Tran was convicted of an aggravated felony, as defined in 8 U.S.C. Sec. 1101(a)(43), his petition had to be filed within 30 days of the Board's April 8, 1993 decision. See id. Sec. 1105a(a)(1). Bui-Tran responds that he had 90 days to file his petition because he was not convicted of an aggravated felony. See id.
 
 
 4
 On March 28, 1989, Bui-Tran was convicted of possession of cocaine. Two years later, on April 12, 1991, he was convicted of possession of heroin.[1] On August 7, 1992, the INS served Bui-Tran with an order to show cause, charging that he was deportable under Sec. 241(a)(2)(B)(i) of the Act for a controlled substance conviction. The government's order makes no mention of deportability based on an aggravated felony conviction. Nor does the IJ's oral decision finding Bui-Tran deportable, which relies on the charges set forth in the order.
 
 
 5
 The INS now argues in its motion to dismiss that Bui-Tran's second drug possession conviction constitutes an aggravated felony. We need not decide whether or not it falls within the statutory definition, however, for it is clear from the record that the sole basis for the order of deportation in this case was Bui-Tran's conviction for a controlled substance violation. At no time prior to the government's motion was Bui-Tran given any indication that he may be deportable for an aggravated felony conviction.[2]
 
 
 6
 Bui-Tran's petition was filed on July 2, 1993, within 90 days after the Board issued its decision. We therefore find that his petition was timely filed, and deny the government's motion to dismiss for lack of jurisdiction.
 
 II
 
 7
 Bui-Tran first argues that he was denied a fair trial because he did not voluntarily and knowingly waive his right to counsel. In support of this argument, Bui-Tran relies on a number of affidavits and other materials that were not before the Board. Because they were not a part of the administrative record upon which the deportation order was based, we may not consider them on this petition. Florez-De Solis v. INS, 796 F.2d 330, 332 n. 1 (9th Cir.1986). In this circuit, the proper procedure for consideration of new evidence is to file a motion to reopen with the Board. Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983).
 
 
 8
 Although the Sixth Amendment right to counsel does not apply to deportation proceedings, an alien has a statutory right to counsel of his own choice, at no cost to the government. 8 U.S.C. Sec. 1362; Castro-O'Ryan v. Department of Immigration & Naturalization, 847 F.2d 1307, 1312 (9th Cir.1987). The INS regulations require that the IJ notify the alien of his right to representation. 8 C.F.R. Sec. 242.16(a). The IJ in this case explained this right to Bui-Tran, and allowed him several continuances to obtain counsel. Bui-Tran's contention that he did not voluntarily waive his right to representation is without merit.
 
 
 9
 Even if Bui-Tran could show that he was inadequately apprised of his statutory right to counsel, he would not be entitled to reversal because he has not shown that he was prejudiced. See United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir.1986). He claims that due to poor translation by his court-appointed interpreter, the record contains numerous misstatements of fact which the IJ relied upon in denying his waiver application. While the record does show some confusion regarding the dates of Bui-Tran's drug convictions, this confusion stems in large part from Bui-Tran's own testimony that he was never in jail after 1989. Given his admission that he was twice convicted of drug possession, any erroneous statements made by the ALJ were harmless and do not warrant reversal. See id. at 1380.
 
 
 10
 Aside from Bui-Tran's bare allegations, there is no evidence in the record that his interpreter engaged in any misconduct. The translator took an oath to translate to the best of his ability. Moreover, there are no gaps in the transcript, or any other indications that statements were incorrectly translated. Nor is there any evidence that the interpreter improperly offered to assist Bui-Tran for a fee. If Bui-Tran were aware of any irregularities, he should have brought them to the Board's attention in his appeal.
 
 III
 
 11
 Bui-Tran next argues that the Board's denial of his Sec. 212(c) waiver application constitutes an abuse of discretion.[3] We will uphold the Board's decision to deny such relief unless it "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. Department of Immigration & Nationalization, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 12
 Here the IJ and the Board followed the framework established in Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978), which requires the IJ to "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country." Id. at 584. Where the offense giving rise to the deportation order involves drugs, the Board requires the alien to show "unusual or outstanding countervailing equities." Id. at 586 n. 4. We have upheld the Board's use of a higher standard for drug offenders. Ayala-Chevez v. INS, 944 F.2d 638, 641 (9th Cir.1991).
 
 
 13
 Bui-Tran contends that the IJ erred in requiring him to prove extraordinary equities because his prior convictions were "minor criminal offenses." We disagree. Bui-Tran has two drug convictions and one conviction for theft. The IJ properly considered his repeated criminal activities as well his continued drug use even while on probation. He then determined that these negative factors outweighed the equities in Bui-Tran's favor. The Board did not abuse its discretion in affirming the order of deportation.
 
 IV
 
 14
 Finally, we reject Bui-Tran's argument that deporting him for his "minor criminal offenses" constitutes cruel and unusual punishment. Deportation is not punishment for a crime, "but an exercise of the plenary power of Congress to fix the conditions under which aliens are to be permitted to enter and remain in this country." Flemming v. Nestor, 363 U.S. 603, 616 (1960). Bui-Tran's Eighth Amendment challenge therefore misses the mark.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As we discuss in Part II below, it appears that there was some confusion about the dates of Bui-Tran's drug convictions. The IJ was apparently under the impression that his convictions occurred in 1987 and 1989, when in fact they occurred in 1989 and 1991. Nevertheless, Bui-Tran admits in his brief that he was twice convicted of possession of a controlled substance
 
 
 [2]
 A recent Fifth Circuit case held that no administrative finding of aggravated felony status is required for the 30-day filing period to apply. Soto-Tapia v. INS, 8 F.3d 1, 3 (5th Cir.1993) (per curiam). In that case, however, the order to show cause charged the alien with deportability based on a controlled substance conviction and an aggravated felony conviction. The IJ failed to specify which ground he relied on in finding the alien deportable. Soto-Tapia is thus distinguishable from the instant case, where the INS never even charged Bui-Tran with deportability for an aggravated felony conviction
 
 
 [3]
 Although Sec. 212(c) is part of the Act's provision dealing with exclusion proceedings, we have construed Sec. 212(c) to apply in deportation hearings as well. Tapia-Acuna v. INS, 640 F.2d 223, 224 (9th Cir.1981)