**Nabil A. NAKHLEH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 93–3449.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 20, 1994.

Decided Oct. 27, 1994.

---

Noel J. Saleh (argued and briefed), Detroit, MI, for petitioner.

Barbara L. Beran, Office of the U.S. Atty., Cincinnati, OH, James Montgomery, Dist. Director, I.N.S., Detroit, MI, Mark C. Walters, Joseph F. Ciolino (argued and briefed), U.S. Dept. of Justice, Immigration Litigation, Civ. Div., Washington, DC, for respondent.

Before: KENNEDY, WELLFORD, and NELSON, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

This matter comes before us on a petition for review of a final deportation order in which the Board of Immigration Appeals reversed an immigration judge's grant of discretionary relief from deportation. The petitioner, who had previously pleaded guilty to criminal charges under Mich.Comp. Laws 333.7401 for unlawful delivery of less than 50 grams of cocaine, filed his petition for review some 42 days after the board's issuance of the deportation order. Under 8 U.S.C. § 1105a(a)(1), "a petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order, *or, in the case of an alien convicted of an aggravated felony, not later than 30 days after the issuance of such order . . . .*" (Emphasis supplied.) Concluding that the final clause of § 1105a(a)(1) applies here, we shall dismiss the petition for want of jurisdiction.

I.

The petitioner, Nabil A. Nakhleh, is a citizen of Syria. He entered the United States in December of 1977 and became a lawful permanent resident upon marrying a United States citizen in 1978. He has lived in the Detroit area since that time.

In March of 1989 Mr. Nakhleh pleaded guilty in a Michigan state court to charges of having delivered a total of .89 grams of cocaine to an undercover policewoman. A judgment of conviction was entered, on the basis of which the Immigration and Naturalization Service issued a show cause order charging Nakhleh with deportability under § 241(a)(11) of the Immigration Act, 8 U.S.C. § 1251(a)(11).[1] The INS later charged that he was also deportable as an aggravated felon under § 241(a)(4)(B) of the Act, 8 U.S.C. § 1251(a)(4)(B).[2]

Mr. Nakhleh conceded deportability under § 241(a)(11), denied the aggravated felon charge, and sought a waiver of deportation under § 212(c) of the Immigration Act, 8 U.S.C. § 1182(c). On March 15, 1990, an immigration judge found him deportable under § 241(a)(11) and granted a waiver under § 212(c). The immigration judge declined to decide whether Mr. Nakhleh was also deportable as an aggravated felon.

Both the granting of the waiver and the refusal to consider deportability under § 241(a)(4)(B) were appealed to the Board of Immigration Appeals. On March 18, 1993, the board reversed the decision of the immigration judge and ordered Mr. Nakhleh deported under § 241(a)(11). The Board did not purport to order deportation under § 241(a)(4)(B) as well, but in discussing the waiver question it referred to "an alien such as the respondent, who is deportable under section 241(a)(4)(B) for a drug-related aggravated felony. . . ." Mr. Nakhleh filed his petition for review 42 days after the issuance of the deportation order.

II.

■ Under the judicial review provisions of the Immigration Act, as we have said, an alien convicted of an aggravated felony has 30 days after the issuance of a deportation order within which to file a petition for review. 8 U.S.C. § 1105a(a)(1). The Immigration Act defines "aggravated felony" as "illicit trafficking in any controlled substance . . . in violation of [either] Federal or State law." 8 U.S.C. § 1101(a)(43).[3]

---

1. Now codified at 8 U.S.C. § 1251(a)(2)(B)(i). ("Any alien . . . convicted of a violation of . . . any law . . . relating to a controlled substance . . . is deportable.")

2. Now codified as 8 U.S.C. § 1251(a)(2)(A)(iii). ("Any alien who is convicted of an aggravated felony at any time after entry is deportable.")

3. At the time of Mr. Nakhleh's hearing the Act defined "aggravated felony" as "any drug-traf-

Mr. Nakhleh argues that under *Probert v. INS*, 954 F.2d 1253, 1255 (6th Cir.1992), the aggravated felony provision of 8 U.S.C. § 1105a(a)(1) applies only where deportation is based on such a conviction. He goes on to argue that his crime did not qualify as an aggravated felony, both because the offense lacked the "business or merchant nature" necessary to meet the definition of "trafficking," see *Matter of Davis*, Int. Dec. 3181 (BIA 1992), and because the Michigan statute under which he was convicted does not require a showing of *scienter*. Finally, he contends that to subject him to the 30–day filing requirement under the circumstances of this case would deprive him of his right to due process. We find none of these arguments persuasive.

First, *Probert* is not controlling. That case came before us on appeal from an interlocutory injunction issued by a district court under a statute not at issue here. Both parties acknowledged, moreover, that the case had been mooted by a recent statutory amendment. See 954 F.2d at 1256 (Nelson, J., dissenting). Given the very serious question as to whether we had constitutional authority to issue *any* decision on the merits in *Probert*, we are not disposed to extend the holding of that case beyond the narrow issue we undertook to decide there.

■ Second, Mr. Nakhleh's crime clearly falls within the definition of an aggravated felony. Mr. Nakhleh does not dispute that he exchanged cocaine for money. A single conviction for a felony sale of a controlled substance suffices to support a determination that an alien is a drug trafficker within the meaning of the Immigration Act. *Matter of Roberts*, Int. Dec. 3148 (BIA 1991). Under Michigan law a person who is charged with illegal delivery of a controlled substance, and who contends that he did not know what the substance was, is entitled to a jury instruction to the effect that the prosecutor must

show knowledge beyond a reasonable doubt. Michigan Criminal Jury Instructions 12.2. Mr. Nakhleh knew the substance he sold was cocaine, and in pleading guilty to violations of Mich.Comp. Laws 333.7401 he was pleading guilty to an aggravated felony.

The Immigration Act provides on its face that a petition for review must be filed not later than 30 days after the issuance of the final deportation order if the alien has been convicted of an aggravated felony. Mr. Nakhleh having been convicted of an aggravated felony, we think that this is the end of the matter. "The plain language of the ... statute does not require that there be an express administrative finding that the alien committed an aggravated felony; it only requires ... the petitioner to have been convicted of an aggravated felony." *Soto–Tapia v. INS*, 8 F.3d 1, 3 (5th Cir.1993).

It is true that the alien in *Soto–Tapia* conceded deportability as an aggravated felon, whereas Mr. Nakhleh made no such concession. Mr. Nakhleh knew that he had been charged with being deportable as an aggravated felon, however, and because he had in fact been convicted of an aggravated felony, the statute gave him only 30 days in which to file his petition for review. Rule 26(b), Fed.R.App.P., prohibits this court from enlarging that time period.

Accordingly, and because we find Mr. Nakhleh's constitutional argument lacking in merit, the petition is **DISMISSED.**

---

ficking crime as defined in section 18 U.S.C. § 924(c)(2) ... committed within the United States." 8 U.S.C. § 1101(a)(43) (1988). Case law somehow expanded this definition to encompass state convictions for analogous crimes. *Matter of Barrett*, Int. Dec. 3131 (BIA 1990). Congress established the current definition in the Immigration Act of 1990, enacted November 29,

1990. Although the board has recognized that this was a significant revision, the revision has been held applicable to an alien whose hearing took place prior to enactment. *Matter of Roberts*, Int. Dec. 3148 (BIA 1991). Mr. Nakhleh did not dispute that the current statutory definition applied to him.