# United States Court of Appeals
## For the Eighth Circuit

_____

No. 10-2601

_____

Shirley L. Phelps-Roper

*Plaintiff - Appellant*

v.

Gary Troutman, in his capacity as City Administrator of Bellevue, Nebraska;
Leonard Houloose, in his capacity as Chief of the Papillion Police Department

*Defendants*

Dave Heineman, in his capacity as Governor of the State of Nebraska; Jon
Bruning, in his capacity as Attorney General of the State of Nebraska

*Defendants - Appellees*

L. Kenneth Polikov, in his capacity as Sarpy County Attorney; John W. Stacey, in
his capacity as Chief of the Bellevue Police Department; City of Bellevue,
Nebraska; Gary Mixan, in his capacity as Mayor of the City of Bellevue; Kay
Dammast, in her capacity as City Clerk of Bellevue, Nebraska

*Defendants*

Donald Kleine, in his capacity as Douglas County Attorney; Alex Hayes, in his
capacity as Chief of the Omaha Police Department; Joe Smith, in his capacity as
Madison County Attorney; William L. Mizner, in his capacity as Chief of the
Norfolk Police Department; Nathan Cox, in his capacity as Cass County Attorney;
William Brueggemann, in his capacity as Sheriff of Cass County, also known as
Bill; Honorable Todd J. Hutton, in his capacity as Sarpy County Judge; Nebraska
Supreme Court; John/Jane Does, in their official capacities

*Defendants - Appellees*

------------------------------

United States of America

*Amicus on Behalf of Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: February 12, 2013
Filed: April 12, 2013
[Published]

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

This case first came before our panel on an appeal by Shirley Phelps-Roper from the district court's denial of her motion to enjoin enforcement of the Nebraska Funeral Picketing Law (NFPL). In her appeal she raised facial and as applied First Amendment challenges against the statute's prohibition on picketing within 300 feet of funerals. We reversed, concluding that under our circuit precedent in Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir. 2008), she could likely show that the 300 foot buffer zone violated her First Amendment rights. After our court overruled aspects of the Nixon case in Phelps-Roper v. City of Manchester, 697 F.3d 678, 692 (8th Cir. 2012) (en banc), we granted panel rehearing in this case, vacated our earlier opinion and judgment, and requested supplemental briefing from the parties. We now remand to the district court for its consideration of the constitutionality of the NFPL as amended in 2011 when the buffer zone was expanded from 300 to 500 feet.

The NFPL was originally enacted in 2006 to protect the "legitimate and legally cognizable interest in organizing and attending funerals for deceased relatives" and "the rights of families to peacefully and privately mourn the death of relatives." Neb. Rev. Stat. § 28-1320.01(1). The legislation also recognizes "that individuals have a constitutional right to free speech and that in the context of funeral ceremonies, the competing interests of picketers and funeral participants must be balanced." Id. § 28-1320.01(2). The NFPL does not apply to "funeral processions on public streets or highways," id. § 28-1320.02(1), but it restricts picketing at a funeral from one hour before the funeral until two hours after its commencement, id. § 28-1320.03(1). The 2006 version of the statute defined picketing as "protest activities . . . within three hundred feet of a cemetery, mortuary, church, or other place of worship during a funeral." Id. § 28-1320.02(2).

Phelps-Roper is a member of the Westboro Baptist Church, a group which believes that God is killing Americans as punishment for tolerating homosexuality. She brought suit in 2009 against Nebraska state and county officials, seeking to enjoin the 2006 version of the NFPL because she claimed that it violated the First Amendment both on its face and as applied to her.

After concluding that the law was a content neutral speech regulation, the district court applied intermediate scrutiny. It then determined that the NFPL survived that level of scrutiny because its 300 foot buffer zone "is narrowly tailored to serve a significant government interest . . . and leaves ample alternative channels for Phelps-Roper's communications that are protected by the First Amendment." With respect to the as applied challenge, the district court found that Phelps-Roper had not shown that she had been treated differently from other protesters because no evidence indicated that the activities of other protestors "targeted the funeral or burial

service." Having concluded that Phelps-Roper's claims were unlikely to succeed on the merits, the district court denied her motion for a preliminary injunction.

Phelps-Roper appealed the district court's denial of the preliminary injunction in July 2010. While her appeal was pending, the Nebraska governor signed and approved Nebraska Legislative Bill 284 on March 16, 2011. That bill increased the size of the buffer zone in Nebraska Statute § 28-1320.02(2) from 300 to 500 feet. We received a letter from counsel for Phelps-Roper under Federal Rule of Appellate Procedure 28(j), alerting us to Legislative Bill 284, but it did not include the planned date of enactment for the amended law. A Rule 28(j) letter was also submitted by Nebraska officials, explaining that the "amended law [was to] go into effect 90 days after the Nebraska Legislature adjourn[ed] on June 8, 2011." The Nebraska officials also represented that "this amendment does not change any of the issues currently on appeal in the instant case." We heard argument on the appeal in May 2011 and took the case under advisement. Although the amendment was enacted on August 27, 2011, the parties did not provide the court with notice of that fact.

In a per curiam opinion published on October 20, 2011, we agreed with the district court that intermediate scrutiny should be applied to review the constitutionality of the NFPL's 300 foot buffer zone because the statute was content neutral. Phelps-Roper v. Troutman, 662 F.3d 485, 488–89 (8th Cir. 2011). Since the district court had been required to follow our prior opinion in Nixon, we concluded that the government was unlikely to prove a significant interest in protecting funeral attendees. Id. at 489. Accordingly, we reversed the district court's order denying a preliminary injunction to Phelps-Roper and remanded the case for further proceedings. Id. at 490. Since we had concluded that Phelps-Roper had shown a likelihood of success on the merits of her facial challenge, we stated that we "need not address [her] as applied challenge to the statute." Id. at 489–90. We noted that the NFPL had recently been amended to expand the buffer zone to 500 feet, but we did not examine the constitutionality of that amendment. Id. at 488 n.1. We

-4-

explained that we were declining to review the amended NFPL because "that amendment [had] not yet taken effect." Id. The panel was mistaken in that respect, however, since the amendment had actually become law on August 27, 2011, during our drafting process.

The Nebraska officials filed a petition for rehearing en banc and panel rehearing on November 1, 2011, arguing that the en banc court should reexamine the Nixon precedent. Their petition only referred to the 2006 version of the NFPL and its 300 foot buffer zone. It did not alert the court to the fact that the amended NFPL had actually been enacted between the time when oral argument had been heard and the per curiam opinion was filed. An amicus brief filed by the United States in support of rehearing en banc also did not refer to the amended version of the NFPL. Phelps-Roper filed a response in opposition to en banc rehearing of the case, arguing that the NFPL "is unsupported by Supreme Court law, and is entirely too broad." Her response referred to the "current law's 500 [foot]" buffer zone, but it did not point out that the amended law had actually been enacted before the opinion under review had been filed. In her response to the petition for rehearing, Phelps-Roper specifically "preserve[d] her as-applied challenge to [that] law."

The rehearing petition was held in abeyance in December 2011, pending an en banc decision in Phelps-Roper v. City of Manchester, 697 F.3d 678 (8th Cir. 2012) (en banc), a case with similar First Amendment issues. Under consideration in City of Manchester was a city ordinance prohibiting picketing or other protest activities within 300 feet of any funeral or burial site from one hour before to one hour after the conducting of a funeral or burial service at that place. Id. at 683. In a unanimous en banc opinion published in October 2012 we overruled aspects of our earlier opinion in Nixon, and concluded that the Manchester ordinance survived First Amendment scrutiny because it served a significant government interest, was narrowly tailored, and left open ample alternative channels for communication. City of Manchester, 697 F.3d at 692, 695.

In December 2012 we ordered panel rehearing in the case now before the court and vacated our earlier opinion and judgment. We further ordered the parties to file supplemental briefs addressing the merits of the appeal in light of City of Manchester, "including the question of whether there are material differences between the ordinance at issue in City of Manchester and the Nebraska statute at issue in this appeal."

The Nebraska officials submitted their brief, arguing that there are "no constitutionally significant differences" between the Manchester ordinance and the NFPL because they both "impose a narrow time, place, and manner restriction on picketing and protest activities at a funeral, and leave open ample channels for communication." They also argued that the 500 foot buffer zone in the amended ordinance "does not restrict 'substantially more speech' than necessary when balancing and serving the government's interests." Phelps-Roper responded that "judicial efficiency" required us to review the amended statute. She argued that a 500 foot buffer zone was unconstitutional because it was "not narrowly tailored." She also cited a newspaper article in her supplemental briefing from the Omaha World Herald stating that at least one Nebraska state senator had said that he wished that protestors from the Westboro Baptist Church could be completely banned from picketing at funerals.

II.

It was only after Phelps-Roper filed her appeal that the NFPL was amended to expand the buffer zone to 500 feet. The district court has only had an opportunity to consider the original version of the NFPL which restricted protests within 300 feet of funerals or burial services. Phelps-Roper's facial and as applied First Amendment challenges to the amended NFPL thus raise questions that have not yet been addressed by the district court.

-6-

When "a change in law does not extinguish the controversy, the preferred procedure is for the court of appeals to remand the case to the district court for reconsideration of the case under the amended law." Green Party of Tenn. v. Hargett, 700 F.3d 816, 824 (6th Cir. 2012) (quoting Hadix v. Johnson, 144 F.3d 925, 934 (6th Cir. 1998), overruled on other grounds by Miller v. French, 530 U.S. 327 (2000)). This is normally the course of action pursued so that "the district court [may have] an opportunity to pass [judgment] on the changed circumstances." Concerned Citizens of Vicksburg v. Sills, 567 F.2d 646, 650 (5th Cir. 1978) (quoting Korn v. Franchard Corp., 456 F.2d 1206, 1208 (2d Cir. 1972)).

We believe that in this instance the better practice is for the district court to have the first opportunity to evaluate Phelps-Roper's facial and as applied challenges to the amended NFPL. Had Phelps-Roper only challenged the validity of the NFPL on its face, a remand to the district court might not have been appropriate. See Hadix, 144 F.3d at 935. In such instances courts have sometimes chosen "to reach the merits of th[e] case in the interest of judicial economy" because the appeal raises purely legal issues. Id. (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1173 & n.3 (6th Cir. 1983); Rosenstiel v. Rodriguez, 101 F.3d 1544, 1549–57 (8th Cir. 1996); Probert v. INS, 954 F.2d 1253, 1255 (6th Cir. 1992)).

Here, by contrast, Phelps-Roper specifically raised an as applied challenge to the NFPL. The record, however, has not been developed as to whether and, if so, how the amended statute has been applied after August 2011. Nor has the district court considered the constitutionality of a 500 foot buffer zone, including arguments that Phelps-Roper now advances concerning the Nebraska legislature's alleged motivation in enacting the 2011 statute and the response of Nebraska officials concerning the State's interests in the larger zone. We conclude that the better course is to afford the district court an opportunity to make appropriate findings of fact and conclusions of law before evaluating the validity of the new statute. See Hadix, 144

F.3d at 935. The district court may consider all of the evidence concerning application of the NFPL in resolving the as applied challenge.

## III.

Accordingly, we remand this case to the district court to consider Phelps-Roper's facial and as applied First Amendment challenges to the amended NFPL.

_____